1 | Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
2 | Scott A. Burroughs (SBN 235718)
3 | scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
4 | tbarrett@donigerlawfirm.com
5 | DONIGER / BURROUGHS
603 Rose Avenue
6 | Venice, California 90291
7 | Telephone: (310) 590-1820
Attorneys for Plaintiff
8
9
10
11



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

12 | KLAUBER BROTHERS, INC.,     Case No.: 2:17-cv-02278-AB-E
13 |     *Honorable Andre Birotte Jr.*
Plaintiff,     *Referred to Honorable Charles F. Eick*
14
15 | v.     DISCOVERY MATTER
16 | TOPSON DOWNS OF CALIFORNIA,     **STIPULATED PROTECTIVE**
17 | INC.; *et al.*,     **ORDER**
18 | Defendants.
19
20

21       Having considered the parties' pleadings on file to date, and the parties'
22 jointly submitted Stipulated Protective Order to govern the handling of information
23 and materials produced in the course of discovery or filed with the Court in this
24 action, the Court determines as follows:

25                  **GOOD CAUSE STATEMENT**

26       It is the intent of the parties and the Court that information will not be
27 designated as confidential for tactical reasons in this case and that nothing shall be
28 designated without a good faith belief that there is good cause why it should not be

1

1455638.1

1  part of the public record of this case.  Examples of confidential information that the
2  parties may seek to protect from unrestricted or unprotected disclosure include:

3      (a)    Information that is the subject of a non-disclosure or
4              confidentiality agreement or obligation;

5      (b)    The names, or other information tending to reveal the identity
6              of a party's supplier, designer, distributor, or customer;

7      (c)    Agreements with third-parties, including license agreements,
8              distributor agreements, manufacturing agreements, design
9              agreements, development agreements, supply agreements, sales
10             agreements, or service agreements;

11     (d)    Research and development information;

12     (e)    Proprietary engineering or technical information, including
13             product design, manufacturing techniques, processing
14             information, drawings, memoranda and reports;

15     (f)    Information related to budgets, sales, profits, costs, margins,
16             licensing of technology or designs, product pricing, or other
17             internal financial/accounting information, including non-public
18             information related to financial condition or performance and
19             income or other non-public tax information;

20     (g)    Information related to internal operations including personnel
21             information;

22     (h)    Information related to past, current and future product
23             development;

24     (i)    Information related to past, current and future market analyses
25             and business and marketing development, including plans,
26             strategies, forecasts and competition; and

27     (j)    Trade secrets (as defined by the jurisdiction in which the
28             information is located).

1455638.1

1    Unrestricted or unprotected disclosure of such confidential technical,
2 commercial or personal information would result in prejudice or harm to the
3 producing party by revealing the producing party's competitive confidential
4 information, which has been developed at the expense of the producing party and
5 which represents valuable tangible and intangible assets of that party.
6 Additionally, privacy interests must be safeguarded. Accordingly, the parties
7 respectfully submit that there is good cause for the entry of this Protective Order.
8    The parties agree, subject to the Court's approval, that the following terms
9 and conditions shall apply to this civil action.

10    1.    Designated Material.

11 1.1    Information or material may be designated for confidential treatment
12    pursuant to this Protective Order by any party, person or entity producing or
13    lodging it in this action (the "Designating Party"), if: (a) produced or
14    served, formally or informally, pursuant to the Federal Rules of Civil
15    Procedure or in response to any other formal or informal discovery request
16    in this action; and/or (b) filed or lodged with the Court. All such
17    information and material and all information or material derived from it
18    constitutes "Designated Material" under this Protective Order.

19 1.2    Unless and until otherwise ordered by the Court or agreed to in writing by
20    the parties, all Designated Materials designated under this Protective Order
21    shall be used by the parties and persons receiving such Designated Materials
22    solely for conducting the above-captioned litigation and any appellate
23    proceeding relating thereto. Designated Material shall not be used by any
24    party or person receiving them for any business or any other purpose. No
25    party or person shall disclose Designated Material to any other party or
26    person not entitled to receive such Designated Material under the specific
27    terms of this Protective Order. For purposes of this Protective Order,
28    "disclose" or "disclosed" means to show, furnish, reveal or provide,

3

indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.    Access to Designated Materials.

2.1    Materials Designated "CONFIDENTIAL": Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.1.0    Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

2.1.1    Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

2.1.2    Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

2.1.3    Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3. Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will

4

1 abide by its provisions, and will submit to the jurisdiction of this Court regarding

2 the enforcement of this Order's provisions.

3       2.1.4  The parties, including their officers, directors, employees,

4 agents, and in-house counsel.

5       2.1.5  The Court, its clerks and secretaries, and any court reporter

6 retained to record proceedings before the Court.

7       2.2     Materials Designated "HIGHLY CONFIDENTIAL –

8 ATTORNEYS' EYES ONLY": Subject to the limitations in this Protective Order,

9 Designated Materials may be marked "HIGHLY CONFIDENTIAL –

10 ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of

11 information or materials which, if disclosed to the receiving party, might cause

12 competitive harm to the Designating Party.  Information and material that may be

13 subject to this protection includes, but is not limited to, technical and/or research

14 and development data, intellectual property, financial, marketing and other sales

15 data, and/or information having strategic commercial value pertaining to the

16 Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the

17 information or material that can be designated "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any

19 specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20 ONLY," the Designating Party's counsel shall make a good faith determination

21 that the information warrants such protection.

22       2.2.0  Materials designated "HIGHLY CONFIDENTIAL –

23 ATTORNEYS' EYES ONLY" materials may be disclosed only to the following

24 Designees:

25       2.2.1  Persons who appear on the face of Designated Materials

26 marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an

27 author, addressee, or recipient thereof;

28       2.2.2  Counsel for the parties to this action, as defined in section

1  2.1.2;

2  2.2.3  Consultants for the parties to this action, as defined in section

3  2.1.3; and

4  2.2.4  The Court, its clerks and secretaries, and any court reporter

5  retained to record proceedings before the Court.

6  2.2.5  Court reporters retained to transcribe depositions.

7  2.3  If any party wishes to disclose information or materials

8  designated under this Protective Order as "HIGHLY CONFIDENTIAL,"

9  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Consultant, it must

10  first identify that individual to the Counsel for the Designating Party and submit a

11  Certification of Consultant pursuant to Section 3.  CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY

13  2.4  Legal Effect of Designation.  The designation of any

14  information or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this

16  litigation.  Neither such designation nor treatment in conformity with such

17  designation shall be construed in any way as an admission or agreement by any

18  party that the Designated Materials constitute or contain any trade secret or

19  confidential information.  Except as provided in this Protective Order, no party to

20  this action shall be obligated to challenge the propriety of any designation, and a

21  failure to do so shall not preclude a subsequent attack on the propriety of such

22  designation.

23  2.5  Nothing herein in any way restricts the ability of the receiving

24  party to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY" material produced to it in examining or cross-examining any

26  employee or consultant of the Designating Party.

27  2.6  The parties agree that the Plaintiff may be provided the alleged

28  infringers' full identities and Plaintiff may be informed as to the Defendants' total

1   revenue and total gross profit on sales of the Accused Products for the purpose of

2   settlement of this lawsuit notwithstanding any party's designation of documents

3   showing such information as "HIGHLY CONFIDENTIAL – ATTORNEYS'

4   EYES ONLY". This paragraph 2.6 does not act as a waiver of the "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation on any document

6   so designated that may form the basis of knowledge of Defendants' total revenue

7   and total gross profit on sales of the Accused Products; this paragraph 2.6 acts to

8   permit Plaintiff to ascertain revenue and gross profit knowledge to facilitate

9   settlement of this lawsuit.

10         3.     Certificates Concerning Designated Materials. Each Consultant as

11   defined in section 2.1.3, to whom any Designated Materials will be disclosed shall,

12   prior to disclosure of such material, execute the Acknowledgement of Stipulated

13   Protective Order in the form attached hereto as Exhibit A. Counsel who makes any

14   disclosure of Designated Materials shall retain each executed Acknowledgement of

15   Stipulated Protective Order and shall circulate copies to all Counsel for the

16   opposing party concurrently with the identification of the Consultant to the

17   attorneys for the Designating Party pursuant to Section 2.3.

18         4.     Use of Designated Materials by Designating Party. Nothing in this

19   Protective Order shall limit a Designating Party's use of its own information or

20   materials, or prevent a Designating Party from disclosing its own information or

21   materials to any person. Such disclosure shall not affect any designations made

22   pursuant to the terms of this Protective Order, so long as the disclosure is made in a

23   manner that is reasonably calculated to maintain the confidentiality of the

24   information.

25         5.     Manner of Designating Written Materials.

26         5.1     Documents, discovery responses and other written materials shall be

27   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

5.2    The producing party shall designate materials by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production. If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL or" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order. If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL or" "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3    A designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

5.4    When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1    Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

8

1455638.1

1    5.4.2  By notice to all parties to this action and to the Producing Party,

2  if such party is not a party to this action, identifying the materials to be designated

3  with particularity (either by production numbers or by providing other adequate

4  identification of the specific material).  Such notice shall be sent by facsimile and

5  regular mail.

6    5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL"

7  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material

8  produced by a Producing Party only where:

9    a.  The material being produced was provided to or developed by such

10  Producing Party: (i) under a written confidentiality agreement with the Designating

11  Party; or (ii) within a relationship with the Designating Party (or a party operating

12  under the control thereof) in which confidentiality is imposed by law (including,

13  but not limited, to the employment relationship and the vendor-customer

14  relationship); and

15    b.  The material being produced would be considered confidential

16  material of the Designating Party under Section 2.1 of this Agreement if it were in

17  the possession of the Designating Party.

18    5.5    Upon notice of designation, all persons receiving notice of the

19  requested designation of materials shall:

20    5.5.1  Make no further disclosure of such Designated Material or

21  information contained therein, except as allowed in this Protective Order;

22    5.5.2  Take reasonable steps to notify any persons known to have

23  possession of or access to such Designated Materials of the effect of such

24  designation under this Protective Order; and

25    5.5.3  If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' EYES ONLY" material or information contained therein is

27  disclosed to any person other than those entitled to disclosure in the manner

28  authorized by this Protective Order, the party responsible for the disclosure shall,

1455638.1

1  immediately upon learning of such disclosure, inform the Designating Party in

2  writing of all pertinent facts relating to such disclosure, and shall make every effort

3  to prevent further disclosure by the unauthorized person(s).

4      6.    <u>Manner of Designating Deposition Testimony.</u>

5          6.1    Deposition transcripts and portions thereof taken in this action

6  may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY" during the deposition or after, in which case the

8  portion of the transcript containing Designated Material shall be identified in the

9  transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designated testimony

11  shall be bound in a separate volume and marked by the reporter accordingly.

12          6.2    Where testimony is designated during the deposition, the

13  Designating Party shall have the right to exclude, at those portions of the

14  deposition, all persons not authorized by the terms of this Protective Order to

15  receive such Designated Material.

16          6.3    Within thirty (30) days after a deposition transcript is certified

17  by the court reporter, any party may designate pages of the transcript and/or its

18  exhibits as Designated Material. During such thirty (30) day period, the transcript

19  in its entirety shall be treated as "CONFIDENTIAL" (except for those portions

20  identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  which shall be treated accordingly from the date of designation). If any party so

22  designates such material, the parties shall provide written notice of such

23  designation to all parties within the thirty (30) day period. Designated Material

24  within the deposition transcript or the exhibits thereto may be identified in writing

25  by page and line, or by underlining and marking such portions

26  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY" and providing such marked-up portions to all counsel.

28      7.    <u>Copies.</u> All complete or partial copies of a document that disclose

1    Designated Materials shall be subject to the terms of this Protective Order.

2         8.     <u>Court Procedures</u>.

3           8.1    <u>Disclosure of Designated Material to Court Officials</u>. Subject

4 to the provisions of this section, Designated Material may be disclosed to the

5 Court, Court officials or employees involved in this action (including court

6 reporters, persons operating video recording equipment at depositions, and any

7 special master, referee, expert, technical advisor or Third-Party Consultant

8 appointed by the Court), and to the jury in this action, and any interpreters

9 interpreting on behalf of any party or deponent.

10           8.2    <u>Filing Designated Materials with the Court</u>. Nothing in this Order

11 shall vary the requirements for filing under Seal imposed by the Federal Rules of

12 Civil Procedure or the Local Rules of this Court. If a party wishes to file with the

13 Court any document, transcript or thing containing information which has been

14 designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15 EYES ONLY," the Party shall designate the material as set forth herein and file it

16 with the Court in an application for filing under seal under the Local Rules of this

17 Court, with the material bearing the legend:

18       **"[CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'**

19       **EYES ONLY]"**

20       The Application for Filing under Seal must show good cause for the under

21 seal filing. Filing the document under seal shall not bar any party from unrestricted

22 use or dissemination of those portions of the document that do not contain material

23 designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

24 EYES ONLY." If a filing party fails to designate information as

25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26 ONLY," any party who in good faith believes that designation and filing under seal

27 is required by this Protective Order may move the Court to file said information

28 under seal within five (5) days of learning of the defective filing. Notice of such

1455638.1

1  designation shall be given to all parties. Nothing in this provision relieves a party

2  of liability for damages caused by failure to properly file Designated Material

3  under seal.

4        8.3   Retrieval of Designated Materials.  The party responsible for

5  lodging or filing the Designated Materials shall be responsible for retrieving such

6  Designated Materials from the Court following the final termination of the action

7  (including after any appeals).

8        9    CHALLENGING CONFIDENTIALITY DESIGNATIONS

9        9.1   Timing of Challenges.  Any Party or Non-Party may challenge a

10  designation of confidentiality at any time (the "Challenging Party").  Unless a

11  prompt challenge to a Designating Party's confidentiality designation is necessary

12  to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

13  significant disruption or delay of the litigation, a Party does not waive its right to

14  challenge a confidentiality designation by electing not to mount a challenge

15  promptly after the original designation is disclosed.

16        9.2   Meet and Confer.  The Challenging Party shall initiate the dispute

17  resolution process by providing written notice of each designation it is challenging

18  and describing the basis for each challenge.  To avoid ambiguity as to whether a

19  challenge has been made, the written notice must recite that the challenge to

20  confidentiality is being made in accordance with this specific paragraph of the

21  Protective Order.  The parties shall attempt to resolve each challenge in good faith

22  and must begin the process by conferring directly (in voice to voice dialogue; other

23  forms of communication are not sufficient) within 14 days of the date of service of

24  notice.  In conferring, the Challenging Party must explain the basis for its belief

25  that the confidentiality designation was not proper and must give the Designating

26  Party an opportunity to review the designated material, to reconsider the

27  circumstances, and, if no change in designation is offered, to explain the basis for

28  the chosen designation.  A Challenging Party may proceed to the next stage of the

12

1 challenge process only if it has engaged in this meet and confer process first or

2 establishes that the Designating Party is unwilling to participate in the meet and

3 confer process in a timely manner.

4       9.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without

5 court intervention, the Challenging Party shall file and serve a motion to challenge

6 confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

7 79-5.1, if applicable) within 21 days of the initial notice of challenge or within 14

8 days of the parties agreeing that the meet and confer process will not resolve their

9 dispute, whichever is earlier. Each such motion must be accompanied by a

10 competent declaration affirming that the movant has complied with the meet and

11 confer requirements imposed in the preceding paragraph. Failure by the

12 Challenging Party to make such a motion including the required declaration within

13 21 days (or 14 days, if applicable) shall automatically waive the ability to

14 challenge the confidentiality designation for each challenged designation. In

15 addition, the Designating Party may file a motion for a protective order preserving

16 the confidential designation at any time if there is good cause for doing so. Any

17 motion brought pursuant to this provision must be accompanied by a competent

18 declaration affirming that the movant has complied with the meet and confer

19 requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on the

21 Challenging Party. Frivolous challenges and those made for an improper purpose

22 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

23 expose the Challenging Party to sanctions. Until such time as a determination has

24 been made on any such motion by the Court, all parties shall continue to afford the

25 material in question the level of protection to which it is entitled under the

26 Producing Party's designation until the court rules on the challenge.

27       10.    <u>Client Communication</u>. Nothing in this Protective Order shall prevent

28 or otherwise restrict counsel from rendering advice to their clients and, in the

13

1  course of rendering such advice, relying upon the examination of Designated

2  Material.  In rendering such advice and otherwise communicating with the client,

3  however, counsel shall not disclose any Designated Material, except as otherwise

4  permitted by this Protective Order.

5       11.  <u>No Prejudice.</u>

6       11.1  This Protective Order shall not diminish any existing obligation

7  or right with respect to Designated Material, nor shall it prevent a disclosure to

8  which the Designating Party consented in writing before the disclosure takes place.

9       11.2  Unless the parties stipulate otherwise, evidence of the existence

10  or nonexistence of a designation under this Protective Order shall not be

11  admissible for any purpose during any proceeding on the merits of this action.

12       11.3  If any party required to produce documents contends that it

13  inadvertently produced any Designated Material without marking it with the

14  appropriate legend, or inadvertently produced any Designated Material with an

15  incorrect legend, the producing party may give written notice to the receiving party

16  or parties, including appropriately stamped substitute copies of the Designated

17  Material.  If the parties collectively agree to replacement of the Designated

18  Material, then the documents will be so designated.  Within five (5) business days

19  of receipt of the substitute copies, the receiving party shall return the previously

20  unmarked or mismarked items and all copies thereof.  If the parties do not

21  collectively agree to replacement of the Designated Material, the producing party

22  shall comply with the procedure of Local Rule 37 in seeking protection for the

23  inadvertently produced material.

24       11.4  Neither the provisions of this Protective Order, nor the filing of

25  any material under seal, shall prevent the use in open court, in deposition, at any

26  hearing, or at trial of this case of any material that is subject to this Protective

27  Order or filed under seal pursuant to its provisions.  At deposition, the party using

28  Designated Material must request that the portion of the proceeding where use is

1  made be conducted so as to exclude persons not qualified to receive such

2  Designated Material.  At trial, the party using Designated Material must request

3  that the portion of the proceeding where use is made be conducted so as to exclude

4  persons not qualified to receive such Designated Material.  All confidentiality

5  designations or legends placed pursuant to this Stipulated Protective Order shall be

6  removed from any document or thing used as a trial exhibit in this case.  The

7  removal of such confidentiality designations or legends under the preceding

8  sentence shall not affect the treatment of such documents and things as Designated

9  Material under this Stipulated Protective Order.  Upon request of a party, the

10  parties shall meet and confer concerning the use and protection of Designated

11  Material in open court at any hearing.  Prior to the pretrial conference, the parties

12  shall meet and confer concerning appropriate methods for dealing with Designated

13  Material at trial.

14       11.5   Any inadvertent production of documents containing privileged

15  information shall not be deemed to be a waiver of the attorney-client privilege,

16  work product doctrine, or any other applicable privilege or doctrines.  All parties

17  specifically reserve the right to demand the return of any privileged documents that

18  it may produce inadvertently during discovery if the producing party determines

19  that such documents contain privileged information.  After receiving notice of such

20  inadvertent production by the producing party, the receiving party agrees to make

21  reasonable and good faith efforts to locate and return to the producing party all

22  such inadvertently produced documents.

23       12.   <u>Modification and Survival</u>.

24       12.1   <u>Modification</u>.  The parties reserve the right to seek modification

25  of this Protective Order at any time for good cause.  The parties agree to meet and

26  confer prior to seeking to modify this Protective Order for any reason. The

27  restrictions imposed by this Protective Order may only be modified or terminated

28  by written stipulation of all parties or by order of this Court.  Parties entering into

15

1    this Protective Order will not be deemed to have waived any of their rights to seek

2    later amendment to this Protective Order.

3            12.2   Survival and Return of Designated Material.   This Protective

4    Order shall survive termination of this action prior to trial of this action.  Upon

5    final termination of the action prior to trial of this action, and at the written request

6    of the Designating Party, all Designated Material, including deposition testimony,

7    and all copies thereof, shall be returned to counsel for the Designating Party (at the

8    expense of the Designating Party) or (at the option and expense of the requesting

9    party) shall be destroyed.  Upon request for the return or destruction of Designated

10   Materials, counsel shall certify their compliance with this provision and shall serve

11   such certification to counsel for the Designating Party not more than ninety (90)

12   days after the written request to return or destroy Designated Materials.  Counsel

13   who have submitted one or more Certificate(s) prepared pursuant to Section 3 do

14   not need to retain such Certificate(s) past the ninety (90) day period.

15        13.   No Contract.  This Protective Order shall not be construed to create a

16   contract between the parties or between the parties and their respective counsel.

17        14.   Court's Retention of Jurisdiction.  The Court retains jurisdiction after

18   final termination of the action prior to trial, to enforce this Stipulation.

19        15.   Exception for Public Information.  Nothing in this Stipulation shall be

20   deemed in any way to restrict the use of documents or information which are

21   lawfully obtained or publicly available to a party independently of discovery in this

22   action, whether or not the same material has been obtained during the course of

23   discovery in the action and whether or not such documents or information have

24   been designated hereunder.  However, in the event of a dispute regarding such

25   independent acquisition, a party wishing to use any independently acquired

26   documents or information shall bear the burden of proving independent

27   acquisition.

28

1455638.1

1

2

3  ///

4  **IT IS SO ORDERED.**

5

6

7

8  Dated: 3/5/18

Honorable Charles F. Eick
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Exhibit A

2

3

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

4

5

6   | KLAUBER BROTHERS, INC.,

7   | Plaintiff,

8   | v.

9

10  | TOPSON DOWNS OF CALIFORNIA, INC.; *et al.*,

11

12  | Defendants.

13

Case No.: 2:17−cv−02278−AB−E
*Honorable Andre Birotte Jr.*
*Referred to Honorable Charles F. Eick*

DISCOVERY MATTER

**STIPULATED PROTECTIVE ORDER**

14

15      The undersigned hereby acknowledges that he/she has read the

16  STIPULATED PROTECTIVE ORDER entered in the above captioned litigation,

17  and that he/she fully understands and agrees to abide by the obligations and

18  conditions thereof.

19

20  Dated: _____

21

(Signature) _____

22

_____

23

(Print Name)

24

25

26

27

28

18

1455638.1